# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50532
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MAURICIO ANTONIO PATINO-MANCIA, also known as Maurice Mancia, also known as Mauricio Mancia, also known as Mauricio Antonio Mancia, also known as Mauricio Patino Mancia,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-396

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Mauricio Antonio Patino-Mancia (Patino) appeals his conviction for illegally reentering the United States in July 2013.  *See* 8 U.S.C. § 1326.  We affirm.

Patino asserts that the district court committed reversible plain error by denying his constitutional right to testify, thus depriving him of a fair trial.  To

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prevail on plain error review, Patino must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). A claim "subject to reasonable dispute" cannot constitute plain error. *Id.*; *see United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009). Ordinarily, an error affects substantial rights if "it affect[s] the outcome of the district court proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks and citation omitted). If Patino makes the required showing, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). We evaluate Patino's claim by "viewing [it] against the entire record." *United States v. Young*, 470 U.S. 1, 16 (1985).

Patino offers a conclusory contention that the district court prejudiced the defense by precluding testimony about his prior removal. Arguments must be briefed adequately. *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006); *see* FED. R. APP. P. 28(a)(8)(A). Patino does not specify what his testimony about his removal proceedings—or more testimony about his mother's cancer or his unemployment—would have been, much less that it would have been admissible or would have swayed the jury to disbelieve the Government's evidence and acquit him. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 873-74 (1982). Indeed, Patino has not even shown that a mistaken removal is a defense to an illegal reentry charge. Given the record as a whole, Patino does not satisfy the materiality requirement of his claim that the loss of his own testimony prejudiced his case. *See Young*, 470 U.S. at 16; *Valenzuela-Bernal*, 458 U.S. at 867-68, 873-74.

Also, whether continued violations of the in limine order could have been effectively controlled by a course of repeated Government objections and

No. 15-50532

district court admonishments to the jury, as Patino suggests, is a question that is at least subject to reasonable dispute. *See Puckett,* 556 U.S. at 135; *Young,* 470 U.S. at 16; *Ellis,* 564 F.3d at 377-78. Given that the question whether the district court acted arbitrarily is reasonably debatable, there can be no plain error. *See Puckett,* 556 U.S. at 135; *Taylor v. Illinois,* 484 U.S. 400, 410 (1988); *Ellis,* 564 F.3d at 377-78.

Because he does not satisfy the materiality requirement to warrant a finding of error, Patino additionally cannot show that his substantial rights were affected. *See Puckett,* 556 U.S. at 135. Consequently, he does not satisfy the third prong of the plain error standard. *See id.* Patino therefore fails to show reversible plain error. *See id.*

AFFIRMED.